NOT DESIGNATED FOR PUBLICATION

No. 112,143

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEFFREY J. SPERRY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed May 20, 2016. Affirmed.

*Paul M. Dent*, of Kansas City, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*:  Jeffrey J. Sperry appeals from the summary dismissal of his second pro se K.S.A. 60-1507 motion (second motion). The district court summarily found this second motion was untimely and successive. We agree and affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Sperry was convicted by a jury of first-degree murder, an off grid felony. Following the denial of Sperry's pro se motion for a new trial, he was sentenced to life in prison and to serve a hard 25 years before parole eligibility.

On May 4, 1999, our Supreme Court affirmed Sperry's direct appeal of his conviction and sentence. *State v. Sperry*, 267 Kan. 287, 978 P.2d 933 (1999). The court held, among other things, that Sperry's trial counsel was not ineffective for failing to exclude Sperry's statements, investigate and interview proposed witnesses, object to certain testimony, request a jury instruction on the burden of proof for self-defense, object to prosecutorial misconduct and trial court error, file pretrial motions, object to the trial judge's proposed responses to questions from the jury, interview the State's witnesses, obtain an expert witness, and cross-examine the pathologist. The Supreme Court also denied Sperry's claim that his trial counsel pitted himself against Sperry's interests.

Subsequently, Sperry filed a K.S.A. 60-1507 motion (first motion) which was summarily dismissed by the district court. A panel of our court upheld this dismissal in *Sperry v. State*, No. 87,421, 2003 WL 22119218 (Kan. App. 2003) (unpublished opinion), *rev. denied* 277 Kan. 925 (2004). Our court rejected Sperry's arguments that trial counsel, post-trial counsel, and appellate counsel were ineffective. 2003 WL 22119218, at *4-5. Subsequently, Sperry unsuccessfully petitioned the Kansas Supreme Court for review and the United States Supreme Court for a writ of certiorari, filed a habeas corpus action with the United States District Court for the District of Kansas, appealed the denial of the habeas action to the Tenth Circuit without success, and filed another unsuccessful petition for writ of certiorari to the United States Supreme Court. *Sperry v. Kansas*, 541 U.S. 1034 (2004); *Sperry v. McKune*, 445 F.3d 1268 (10th Cir.), *cert. denied* 549 U.S. 1039 (2006).

On August 19, 2013, Sperry filed his second K.S.A. 60-1507 motion which is the subject of this appeal. In this second motion, Sperry alleged (1) the district court lacked jurisdiction because his prosecution was initiated by information rather than indictment, (2) the prosecution in Kansas state court rather than federal court was unconstitutional under Article III of the United States Constitution because Sperry was a Missouri resident, (3) the charging document was fatally defective, (4) Sperry's right to a speedy trial was violated, (5) the evidence only supported a conviction for criminal discharge of a weapon, (6) the evidence was insufficient to support a conviction for first-degree murder, (7) the trial court erred by not instructing the jury on felony murder, (8) the district court erred by not withdrawing the first-degree murder charge when the jury advised it was unable to decide between first and second-degree murder, and (9) appointed counsel for his first motion was ineffective.

The district court summarily denied the second motion without an evidentiary hearing. The district court gave three grounds for its decision. First, it found the second motion was untimely filed. Second, it found the second motion was successive without a showing of exceptional circumstances. Third, the district court found Sperry's claims were without merit. In response, Sperry filed a motion to alter or amend the judgment which was denied. Sperry then filed a notice of appeal to this court.

On appeal, Sperry contends the district court erred in summarily denying his second motion without an evidentiary hearing or appointment of counsel. In particular, he contends it would be a manifest injustice to bar his claims simply because the second motion was filed after the 1-year time limitation of K.S.A. 60-1507(f). Moreover, he argues that his second motion is not successive because it seeks dissimilar relief and exceptional circumstances warrant judicial review.

A district court has three options when considering a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish the movant is not entitled to relief. 300 Kan. at 881.

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2015 Kan. Ct. R. Annot. 271) (preponderance burden).

To avoid summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be

evident in the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (quoting *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]).

## THE SECOND K.S.A. 60-1507 MOTION IS SUCCESSIVE

This is Sperry's second K.S.A. 60-1507 motion. At the outset, Sperry contends this second motion is not barred because K.S.A. 60-1507(c) permits a second or successive motion when it is for dissimilar relief than was sought in his first K.S.A. 60-1507 motion. Sperry explains:

"Here, petitioner seeks relief based upon a set of circumstances that did not even exist when he filed his first motion—namely ineffective assistance of counsel by his counsel on the first [K.S.A.] 60-1507 motion. . . . Since these arguments have never been presented before, this second motion is allowed under the clear language of the statute."

To prevail on a claim of ineffective assistance of counsel, the movant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882, relying on *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984). Judicial scrutiny of counsel's performance in an ineffective assistance of counsel claim is highly deferential and requires consideration of all the evidence. The reviewing court must strongly presume that counsel's conduct fell within a broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *Miller v. State*, 298 Kan. 921, 934, 318 P.3d 155 (2014).

5

As detailed in the Factual and Procedural Background section, over the years Sperry has repeatedly raised the issue of his counsels' purported ineffectiveness. In his direct appeal, Sperry unsuccessfully raised numerous claims that his trial attorney was ineffective. As our court found in 2003:

"Sperry's claim that his trial counsel was ineffective has already been examined and rejected by the trial court and the Supreme Court on direct appeal. The Kansas Supreme Court agreed with the trial court's decision that counsel's performance was within the wide range of reasonable professional assistance and in fulfillment of his obligation to exercise professional judgment on behalf of his client. [Citation omitted.] The court further stated that, even if it could be said that trial counsel's performance was deficient, there was no prejudice to Sperry. [Citation omitted.]" *Sperry*, 2003 WL 22119218, at *5.

Then, in his first K.S.A. 60-1507 motion, Sperry complained about his trial, posttrial, and appellate counsel's ineffectiveness. In 2003, our court considered the merits and rejected Sperry's arguments. 2003 WL 22119218, at *4-5. In particular, with regard to appellate counsel, our court found:

"Sperry argued in his 60-1507 motion that the appellate counsel failed to brief issues having merit. Appellate counsel raised five issues, including ineffective assistance of trial counsel. Sperry merely states appellate counsel should have pursued the issues Sperry ultimately brought to the court's attention in the 60-1507 motion. As previously discussed these issues have no merit. Appellate counsel's performance was not deficient." 2003 WL 22119218, at *5.

In this appeal, Sperry focuses his latest challenge on the effectiveness of his counsel who represented him in his first motion. However, Sperry also "complains that his counsel at . . . the trial . . . performed at a deficient level and as a result the outcome was altered." We will first consider Sperry's general ineffective assistance of trial counsel claims.

K.S.A. 60-1507(c) states that the "court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Supreme Court Rule 183(d) (2015 Kan. Ct. R. Annot. 272) provides:

"A sentencing court may not consider a second or successive motion for relief by the same movant when:

"(1) the ground for relief was determined adversely to the movant on a prior motion;

"(2) the prior determination was on the merits; and

"(3) justice would not be served by reaching the merits on the subsequent motion."

Moreover, all claims that could have been raised in a prior K.S.A. 60-1507 motion, but were not, are also barred. *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122, *rev. denied* 287 Kan. 769 (2008).

Over the years, Sperry has had several days in court with regard to his claims of trial counsel's ineffectiveness. The trial court, Supreme Court, and our court have all reviewed the merits of the myriad and sundry claims made by Sperry regarding his trial counsel and found them to be without merit. Justice would not be served by reconsidering these allegations of trial counsel's ineffectiveness. Those successive claims are properly barred from our review.

As Sperry points out, however, his primary contention is that his counsel was ineffective in presenting his first K.S.A. 60-1507 motion. That claim has not been reviewed by our court and is not successive. As a result, we will review this allegation.

7

Sperry asserts that his first motion counsel

> "not only failed to subpoena a witness but actually put in evidence a letter which undermined appellant's case . . . counsel did not present to the district court the failings of trial counsel. Among other things counsel failed to inform the district court that his trial counsel had been disciplined and subsequently was disbarred by this Court for failure to properly represent his clients."

Once again, although Sperry raises his first motion counsel's ineffectiveness in this second motion, the gravamen of Sperry's complaint is focused on his trial counsel's ineffectiveness.

We have reviewed Sperry's numerous complaints of ineffective assistance of trial counsel made by appellate counsel in the direct appeal, and by post-conviction counsel in the first motion. In particular, our court has previously found that Sperry's counsel in the first motion raised 11 instances of trial counsel's ineffectiveness. Although all of the ineffective assistance claims made to the Supreme Court and our court were ultimately deemed without merit, we have no hesitancy in finding that Sperry's appellate and first motion counsel identified plausible areas of ineffectiveness and adequately presented the arguments. Upon our review of the allegations made in Sperry's second motion and comparing them to the allegations argued by both appellate counsel and his first motion counsel, we are not persuaded that Sperry's first motion counsel "did not present to the district court the failings of trial counsel."

With particular regard to Sperry's complaint that his first motion counsel "failed to subpoena a witness [and introduced into] evidence a letter which undermined appellant's case" we have reviewed Sperry's motion and find it does not sufficiently identify or discuss this allegation, and we also have no sufficient factual basis to review it. A movant's contentions must be more than conclusory and also should be supported by an

evident factual basis. *Sola-Morales*, 300 Kan. at 881. Additionally, we find no sufficient claim of prejudice.

With regard to Sperry's assertion that trial counsel was disciplined and ultimately disbarred for not failing to properly represent his clients, Sperry does not contend that any conduct by trial counsel in this case resulted in his counsel receiving professional discipline. On the contrary, as discussed earlier, trial counsel's performance during Sperry's jury trial has been exhaustively reviewed and found not to be ineffective or prejudicial. Given this context, Sperry fails to meet his burden to show that his first motion counsel was ineffective or that Sperry was prejudiced because he failed to argue trial counsel's record of professional discipline.

In summary, we hold that Sperry's second motion alleging trial counsel's ineffectiveness is successive without a showing of exceptional circumstances. Additionally, that part of the motion alleging Sperry's first motion counsel was ineffective in arguing trial counsel's ineffectiveness is not preserved for review or without merit. Accordingly, we find no error in the district court's summary dismissal of the second motion.

THE SECOND K.S.A. 60-1507 MOTION WAS UNTIMELY

For the sake of completeness, we next address the second basis upon which the district court found that Sperry's second motion should be denied—that Sperry filed his second motion out of time.

An incarcerated defendant has 1 year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 60-1507(f)(1). The 1-year time limitation may be extended by the district court only to prevent manifest injustice. K.S.A. 60-1507(f)(2). In the case on appeal, the district court found Sperry's second motion was untimely

9

because it was filed "some 14 years after the Supreme Court affirmed his original conviction." Sperry concedes that his second motion was filed out-of-time. But he argues the motion should be considered to prevent manifest injustice.

Manifest injustice must be determined from the totality of the circumstances. In determining whether manifest injustice exists, the court should consider a nonexhaustive list of factors: (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the K.S.A. 60-1507 motion within the 1-year time limitation; (2) whether the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, *i.e.* factual, not legal, innocence. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

Sperry first contends that our court should broaden the definition of manifest injustice established by our Supreme Court. However, our court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (2015).

Next, Sperry contends the Supremacy Clause dictates that he be allowed to present his claims of ineffective assistance of counsel despite state procedural rules. But the Kansas procedural rules allow a movant to argue ineffective assistance of counsel. In both his direct appeal and first and second K.S.A. 60-1507 motions, Sperry has argued his trial counsel's ineffectiveness and Kansas district and appellate courts have reviewed those claims. This argument is without merit.

Sperry also contends he is entitled to relief under K.S.A. 60-2606. However, a criminal defendant may not use K.S.A. 60-2606 to collaterally attack a criminal conviction. *State v. Kingsley*, 299 Kan. 896, 900, 326 P.3d 1083 (2014).

10

Applying the three *Vontress* factors to evaluate Sperry's assertion of manifest injustice in this case, we are convinced that Sperry has failed to meet his burden. First, Sperry has not provided any reason why his most recent claims of ineffective assistance by his first motion counsel could not have been made within the 1-year time limitation of K.S.A. 60-1507(f). Indeed, the record shows that almost 10 years elapsed from the date the United States Supreme Court denied Sperry a writ of certiorari regarding the denial of his first motion (May 3, 2004), and the filing of his second motion (August 19, 2013). Upon our review of Sperry's second motion and the appellant's brief, we discern no reason for Sperry's lengthy delay in filing his second motion.

Second, as discussed in the prior section relating to the successive nature of the second motion, the merits of the movant's claims do not raise substantial issues of law or fact deserving the district court's consideration. Most of Sperry's claims of ineffective assistance have been previously litigated or should have been litigated long before now. We see no substantial issue of law that Sperry has raised in this second motion.

Third, upon our review of the second motion and appellant's brief we do not find any claim of actual innocence or facts in support of such a claim.

In summary, Sperry has not shown that any of the three *Vontress* factors support his assertion that our court should review his second untimely motion in order to avoid manifest injustice. We find no error in the district court's determination that Sperry's second motion was untimely and failed to make a showing of manifest injustice.

Affirmed.