(187 P.3d 122)
No. 97,756

MICHAEL M. TONEY, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed
June 27, 2008.

*Shawn E. Minihan,* of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before MCANANY, P.J., GREEN and CAPLINGER, JJ.

GREEN, J.: Michael M. Toney appeals from the trial court's judgment summarily denying his K.S.A. 60-1507 motion. The issues on appeal are: (1) whether the trial court erred in denying Toney's motion as untimely; (2) whether the trial court erred in denying Toney's motion as successive; and (3) whether the trial court erred in failing to hold an evidentiary hearing and in failing to make findings of fact and conclusions of law on Toney's ineffective assistance of counsel claim. Finding no reversible error, we affirm.

In November 2000, Toney was convicted at a jury trial of aggravated burglary, criminal possession of a firearm, and aggravated robbery. Toney was sentenced to 221 months in prison. On direct appeal, this court affirmed Toney's convictions. See *State v. Toney*, Nos. 87,664, 87,665, unpublished opinion filed November 27, 2002. The mandate was issued on February 6, 2003.

Toney later moved for relief under K.S.A. 60-1507. In his K.S.A. 60-1507 motion, Toney attacked the sufficiency of the evidence to support his aggravated robbery and aggravated burglary convictions. The trial court summarily denied Toney's K.S.A. 60-1507 motion. This court affirmed the trial court's decision. *Toney v. State*, No. 93,570, unpublished opinion filed February 3, 2006, *rev. denied* 281 Kan. 1382 (2006).

In July 2006, Toney again moved for relief under K.S.A. 60-1507. Toney argued that his trial counsel was ineffective in failing to subpoena Toney's codefendant to testify at trial and in failing to request a lesser-included offense instruction on the aggravated robbery charge. After conducting a nonevidentiary hearing, the trial court summarily denied relief. In a written journal entry, the trial court determined that Toney's K.S.A. 60-1507 motion was untimely and an abuse of remedy.

The trial court is required to hold an evidentiary hearing on a K.S.A. 60-1507 motion and make findings of fact and conclusions of law, with respect thereto, unless the motion and the files and records of the case conclusively establish that the prisoner is not entitled to relief. K.S.A. 60-1507(b); Supreme Court Rule 183(f) and (j) (2007 Kan. Ct. R. Annot. 243). The burden is on the movant to allege facts sufficient to warrant a hearing on the K.S.A. 60-1507 motion. Supreme Court Rule 183(g) (2007 Kan. Ct. R. Annot. 243); *Woodberry v. State*, 33 Kan. App. 2d 171, 173, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004).

When reviewing the decision on a K.S.A. 60-1507 motion after the trial court conducts a preliminary hearing, an appellate court applies a findings of fact and conclusions of law standard of review to determine whether the findings are supported by substantial competent evidence and whether those findings are sufficient to

support the conclusions of law. *Bellamy v. State*, 285 Kan. 346, Syl. ¶ 4, 172 P.3d 10 (2007).

*Timeliness of Motion*

On appeal, Toney first argues that his K.S.A. 60-1507 motion should be considered timely under K.S.A. 60-1507(f)(2). Toney's argument requires interpretation of K.S.A. 60-1507. Interpretation of a statute presents a question of law over which an appellate court has unlimited review. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

K.S.A. 60-1507(f)(1) provides the 1-year time limitation applicable to K.S.A. 60-1507 actions:

"Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

The 1-year time limitation in K.S.A. 60-1507(f)(1) did not become effective until July 1, 2003. *Hayes v. State*, 34 Kan. App. 2d 157, 158, 115 P.3d 162 (2005). In *Hayes*, this court held that a defendant whose conviction became final before the effective date of the statute could comply with the 1-year time limitation under 60-1507(f)(1) by filing a 60-1507 action by June 30, 2004. 34 Kan. App. 2d at 161-62.

Based on the record that we have been provided in this case, Toney's convictions became final before the effective date of the 1-year time limitation under K.S.A. 60-1507(f)(1). As a result, Toney had until June 30, 2004, to file his K.S.A. 60-1507 action. Toney did not file the present K.S.A. 60-1507 action until July 28, 2006, which was over 2 years past the 1-year time limitation.

The 1-year time limitation in K.S.A. 60-1507(f)(1) may be extended only to prevent manifest injustice. K.S.A. 60-1507(f)(2). "Although 'manifest injustice' has not been defined in the context of K.S.A. 60-1507(f)(2), this court has interpreted the phrase in other contexts to mean 'obviously unfair' or 'shocking to the conscience.' [Citations omitted.]" *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007).

Toney suggests that manifest injustice will result if this court does not remand for an evidentiary hearing because the trial court will never consider his ineffective assistance of counsel claim. Toney argues that this court should not deny him an opportunity to be heard and thereby deny him due process.

If this court were to accept Toney's argument, we would have to remand for an evidentiary hearing every time the trial court dismisses a K.S.A. 60-1507 motion as untimely. This cannot be done as it would render the 1-year time limitation under K.S.A. 60-1507(f)(1) essentially meaningless.

As the State points out, Toney is unable to present his ineffective assistance of counsel claim to the court due to his own failure to meet the 1-year time limitation under K.S.A. 60-1507(f)(1). Toney does not allege any circumstances that prevented him from asserting his claim before the 1-year time limitation had expired. Toney has not demonstrated that the 1-year time limitation should be extended to prevent manifest injustice. As a result, we determine that the trial court properly denied Toney's K.S.A. 60-1507 motion as untimely.

*Successive Motion*

Moreover, the record establishes that the trial court properly denied Toney's K.S.A. 60-1507 motion as an abuse of remedy. The motion filed in this case was Toney's second K.S.A. 60-1507 motion relating to the same underlying criminal case.

In a K.S.A. 60-1507 proceeding, the sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. K.S.A. 60-1507(c). "Unless exceptional circumstances are shown, the sentencing court may properly dismiss a second or successive motion on the ground its use constitutes an abuse of remedy. [Citations omitted.]" *Woodberry*, 33 Kan. App. 2d at 175. " 'Exceptional circumstances are unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding.' [Citation omitted.]" 33 Kan. App. 2d at 175; see Supreme Court Rule 183 (c) and (d) (2007 Kan. Ct. R. Annot. 243).

Toney does not argue any exceptional circumstances that prevented him from raising his ineffective assistance of counsel claim in his first K.S.A. 60-1507 motion. Instead, Toney argues that his current K.S.A. 60-1507 should not be construed as a successive motion because he did not raise an ineffective assistance of counsel claim in his previous K.S.A. 60-1507 motion. To support his argument, Toney cites Supreme Court Rule 183(d), which provides that the sentencing court shall not entertain a second or successive K.S.A. 60-1507 motion on behalf of the same prisoner where (1) the same ground presented in the later application was determined adversely to the applicant on the previous application, (2) the previous determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the later application. (2007 Kan. Ct. R. Annot. 244).

Nevertheless, our Supreme Court has recognized that the prohibition against successive motions under K.S.A. 60-1507(c) bars not only claims actually raised in prior motions but also those claims that could have been raised in a prior motion. See *Dunlap v. State*, 221 Kan. 268, 269-70, 559 P.2d 788 (1977). When a K.S.A. 60-1507 movant sets out a ground or grounds for relief, the movant is presumed to have listed all grounds upon which he or she is relying, and a second K.S.A. 60-1507 motion, in which additional grounds for relief are alleged, may properly be denied as successive and constitutes an abuse of remedy. *Lee v. State*, 207 Kan. 185, 186, 483 P.2d 482 (1971). The rationale for the limitations on the availability of postconviction relief under K.S.A. 60-1507 is the necessity for some degree of finality in the criminal appeal process in order to prevent endless piecemeal litigation in the state and federal courts. Thus, only under rare conditions will a trial court be required to entertain arguments on a matter that could have been raised on direct appeal or in a previous K.S.A. 60-1507 motion. *Walker v. State*, 216 Kan. 1, 3-4, 530 P.2d 1235 (1975).

Because Toney has not alleged any unusual events or intervening changes in the law which prevented him from reasonably being able to raise his claim in his first K.S.A. 60-1507 motion, the trial court properly denied Toney's current K.S.A. 60-1507 motion as successive under K.S.A. 60-1507(c).

*Ineffective Assistance of Counsel Claim*

Toney further alleges that the trial court should have held an evidentiary hearing and made findings of fact and conclusions of law on his ineffective assistance of counsel claim. Because the trial court properly denied Toney's K.S.A. 60-1507 motion as untimely and successive, it was unnecessary to address Toney's ineffective assistance of counsel claim. As a result, the trial court did not err in failing to hold an evidentiary hearing and in failing to make findings of fact and conclusions of law on Toney's ineffective assistance of counsel claim.

Affirmed.