NOT DESIGNATED FOR PUBLICATION

No. 123,272

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAMONA I. MORGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed August 20, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jon Simpson*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Ramona I. Morgan filed a motion to vacate her sentence, in which she invoked K.S.A. 60-1507. The district court construed her filing as a K.S.A. 60-1507 motion, and she does not contest this characterization of her motion. The district court summarily denied the motion, finding it procedurally flawed and without merit. Morgan now appeals the denial of that motion to this court. After review of the record before us, we affirm the district court and hold that Morgan's motion was untimely, successive, and improperly raised a trial error.

1

FACTUAL AND PROCEDURAL BACKGROUND

A jury found Morgan guilty of two counts of second-degree murder and one count of aggravated battery after she recklessly drove her truck through a construction zone, striking and killing two workers and injuring another. See *State v. Morgan*, No. 101,769, 2010 WL 2245604, at *1-2 (Kan. App. 2010) (unpublished opinion) (*Morgan I*). Briefly explained,

> "[i]n September 2007, Morgan drove her pickup truck at a high rate of speed through a construction zone on U.S. 59 Highway where a crew was resurfacing the road, striking and killing two workers and injuring a third worker. Morgan's adult daughter Sabrina was a passenger in the truck. Morgan claimed she and Sabrina were being pursued by a band of thugs apparently intent on harming them because of a failed real estate deal in rural Missouri." *Morgan v. State*, No. 109,099, 2014 WL 5609935, at *1 (Kan. App. 2014) (unpublished opinion) (*Morgan II*).

These convictions led to a 315-month term of imprisonment. *Morgan I*, 2010 WL 2245604, at *2.

Morgan appealed, raising five arguments: (1) the district court erred in admitting news video footage, over her trial counsel's objection, which showed her after her arrest in handcuffs and an "orange jumpsuit[]," during which she professed her innocence to a journalist; (2) the district court erred in excluding evidence that a material witness was biased; (3) the district court erred in responding to the jury's question about her state of mind; (4) cumulative error denied her a fair trial; and (5) the district court violated Morgan's constitutional rights by enhancing her sentence based on her criminal history. *Morgan I*, 2010 WL 2245604, at *3-8. Another panel of this court found her arguments meritless and affirmed her convictions and sentence. *Morgan I*, 2010 WL 2245604, at *8. The court issued its mandate in that case on September 10, 2010.

2

In 2011, Morgan filed a K.S.A. 60-1507 motion raising various ineffective assistance of counsel claims against her trial counsel, William Rork, and her direct appeal counsel. *Morgan II*, 2014 WL 5609935, at *4-12. Relevant here, Morgan claimed that Rork failed to: (1) properly object to the news report clip; (2) admit into evidence a 911 call Morgan's daughter "placed . . . to try to confirm that a bona fide law enforcement officer" was pursuing them as they drove away from the construction zone; (3) request jury instructions on involuntary manslaughter and the defense of compulsion; and (4) "inform [Morgan] that he was 'on drugs.'" See *Morgan II*, 2014 WL 5609935, at *3-8; *Morgan v. Kansas*, No. 15-3241-KHV, 2017 WL 2971985, at *6-8, n.7 (D. Kan. 2017) (unpublished opinion) (*Morgan III*). After an evidentiary hearing, the district court denied Morgan's motion, and Morgan appealed the news clip and 911 call issues. *Morgan II*, 2014 WL 5609935, at *4-8. Another panel of this court affirmed the denial of her K.S.A. 60-1507 motion. 2014 WL 5609935, at *12. The court issued its mandate in that case on August 3, 2015.

Morgan then opted to pursue her claims in federal court, which failed to result in the relief she hoped to obtain. See *Morgan III*, 2017 WL 2971985, at *9 (denying Morgan's federal habeas petition); *Morgan v. Kansas*, No. 17-32044, 2017 WL 8220463, at *1 (10th Cir. 2017) (unpublished opinion) (dismissing Morgan's untimely appeal from the district court's denial of habeas relief); *Morgan v. Kansas*, 138 S. Ct. 1599 (2018) (denying Morgan's writ of certiorari); *Morgan v. Kansas*, 139 S. Ct. 621 (2018) (denying Morgan's petition for rehearing on the denial of her writ of certiorari). The United States Supreme Court took its last action in Morgan's case on December 3, 2018.

In 2019, Morgan filed two more motions before the Douglas County District Court. First, she filed a pro se motion captioned "Motion to Correct an Illegal Sentence." The district court denied this motion, finding, in part, that the motion improperly raised issues which belonged in a direct appeal and Morgan's previous K.S.A. 60-1507 motion.

3

Second, on December 3, 2019, Morgan, through counsel, filed a "Motion to Vacate Sentence" and invoked both K.S.A. 60-1507 and K.S.A. 22-3423(1)(c). She claimed that the trial court "err[ed] in failing to declare a mistrial when it was apparent from the deficient conduct of defense counsel that it was impossible to proceed with the trial without doing injustice to [Morgan]." In support, Morgan argued: "[Rork] failed to object to [a] highly prejudicial video depicting [Morgan] and her [daughter] in jail garb and shackles"; "[he] failed to properly introduce evidence of a 911 call that strongly supported [Morgan's] theory of defense"; and "[he] failed to request lesser-included-offense jury instructions that were amply supported by the evidence presented at trial."

The State moved to summarily deny Morgan's motion, because the motion was untimely, successive, presented only direct appeal arguments, and was meritless. The district court construed Morgan's motion as a motion alleging ineffective assistance of counsel under K.S.A. 60-1507 and determined that it was "untimely, successive, raise[d] trial issues that may only be addressed on direct appeal, and fail[ed] to raise a substantial issue warranting an evidentiary hearing." Thus, the motion was summarily denied. Morgan now timely appeals that ruling.

ANALYSIS

*Did The District Court Err In Summarily Denying Morgan's Motion?*

On appeal, Morgan does not challenge the district court's characterization of her motion to vacate her sentence as a K.S.A. 60-1507 motion. For that reason, we analyzed Morgan's appeal through the lens appropriate for the summary denial of a K.S.A. 60-1507 motion. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (holding an issue not briefed is deemed waived or abandoned). Morgan argues that the district court erred in summarily denying her K.S.A. 60-1507 motion. She contends that the district court erred in finding the motion was untimely, successive, raised a trial error

4

not brought on direct appeal, and consisted of conclusory claims. She also argues the district court erred in denying her motion because her mistrial claim raised substantial factual and legal issues warranting an evidentiary hearing.

When the district court summarily denies a K.S.A. 60-1507 motion an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). A movant bears the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing, and in so doing must assert more than mere conclusory contentions. Rather, he or she must state an evidentiary basis in support of the claims, or an evidentiary basis must appear in the record. *Sola-Morales v. State*, 300 Kan. 875, 881, 355 P.3d 1162 (2014).

*Procedural Issues with Morgan's Motion*

We will first address the procedural deficiencies which led to the district court's summary denial of Morgan's motion.

*1. Morgan's motion was untimely.*

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507. K.S.A. 2020 Supp. 60-1507(f)(1). Specifically, K.S.A. 2020 Supp. 60-1507(f)(1) mandates:

> "Any action under this section must be brought within one year of:
> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
> "(B) the denial of a petition for writ of certiorari to the United States Supreme Court or issuance of such court's final order following granting such petition."

This one-year time limitation "may be extended by the court only to prevent a manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). When determining whether manifest injustice excuses the untimely filing, "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). A K.S.A. 60-1507 movant has "'the burden to establish manifest injustice by a preponderance of the evidence.' [Citation omitted.]" *Thuko v. State*, 310 Kan. 74, 81, 444 P.3d 927 (2019); see Kansas Supreme Court Rule 183(g) (2021 Kan. S. Ct. R. 239).

The district court must dismiss the K.S.A. 60-1507 motion as untimely, "[i]f the court, upon its own inspection of the motions, files and records of the case, determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(3).

On appeal, Morgan concedes her motion is untimely. She also concedes that her motion did not raise a claim of actual innocence. These concessions mean that in order for the district court to not dismiss her motion as untimely, it was incumbent upon Morgan to provide evidence why she neglected to file her motion within the one-year time limitation. She bore the added burden to establish, by a preponderance of the evidence, that manifest injustice would occur if the merits of her claim were not considered. See K.S.A. 2020 Supp. 60-1507(f)(2)(A), (f)(3).

Morgan asserts that while her motion was silent regarding a showing of manifest injustice, the district court still should have found, sua sponte, that the structural error alleged in the motion—that her trial counsel's "incapacity rendered him completely absent from trial, resulting in the total deprivation of counsel"—amounted to manifest injustice per se.

6

The first flaw with this argument is that the burden to show manifest injustice hinges on Morgan and her motion was silent on this point. There was no explanation why she did not or could not bring this claim anytime within the last decade since her conviction has been final. It is not the district court's role to imagine reasons why the motion was not brought in a timely manner. See *Thuko*, 310 Kan. at 81; Kansas Supreme Court Rule 183(g).

Second, since 2016, when the Kansas Legislature amended K.S.A. 60-1507(f), courts no longer consider the merits of a movant's claim when determining whether the movant made a showing of manifest injustice. *Beauclair*, 308 Kan. at 294. As stated above, the district court is limited to considering only "(1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence." *Hayes v. State*, 307 Kan. 9, 14, 404 P.3d 676 (2017); see K.S.A. 2020 Supp. 60-1507(f)(2)(A). Morgan presented no adequate reason for delay, nor did she advance a colorable claim of actual innocence. Thus, she failed to establish manifest injustice as contemplated by K.S.A. 2020 Supp. 60-1507(f)(2). Moreover, simply asserting a structural error in a K.S.A. 60-1507 motion without providing an explanation for the untimely filing cannot excuse a motion's untimeliness. See *Davis v. State*, No. 110,107, 2014 WL 2871372, at *2 (Kan. App. 2014) (unpublished opinion) (holding K.S.A. 60-1507 motion, which included a claim of structural error, was properly considered untimely where the movant provided no justification for the delay in filing).

*2. Morgan's motion was successive.*

Second, beyond being untimely filed, Morgan's motion was successive.

"Under K.S.A. 60-1507(c), a sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. To avoid having a second or successive K.S.A. 60-1507 motion dismissed as an abuse of remedy, the movant must establish exceptional circumstances. 'Exceptional circumstances are

7

unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.' The burden to make such a showing lies with the movant. [Citations omitted.]" *Beauclair*, 308 Kan. at 304.

Under Kansas Supreme Court Rule 183(d) (2021 Kan. S. Ct. R. 240):

"(d) Successive Motions. A sentencing court may not consider a second or successive motion for relief by the same movant when:
(1) the ground for relief was determined adversely to the movant on a prior motion;
(2) the prior determination was on the merits; and
(3) justice would not be served by reaching the merits of the subsequent motion."

Further, the Kansas "Supreme Court has recognized that the prohibition against successive motions under K.S.A. 60-1507(c) bars not only claims actually raised in prior motions but also those claims that *could* have been raised in a prior motion." (Emphasis added.) *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008). We presume that a K.S.A. 60-1507 movant sets out all grounds on which he or she is relying in his or her first motion, and "a second K.S.A. 60-1507 motion, in which additional grounds for relief are alleged, may properly be denied as successive and constitutes an abuse of remedy. *Lee v. State*, 207 Kan. 185, 186, 483 P.2d 482 (1971)." *Toney*, 39 Kan. App. 2d at 948.

Here, the claim Morgan raised in her second K.S.A. 60-1507 motion could have been raised in her first K.S.A. 60-1507 motion. She identified no unusual events or intervening changes in the law which prevented her from raising this specific claim of ineffective assistance of counsel in her prior motion. While Morgan argues this variation of an ineffective assistance of counsel claim was not raised previously, she points to no reason why it could not have been raised in her first K.S.A. 60-1507 motion. Thus, the district court properly classified the motion at bar as successive. See *Dawson v. State*, 310 Kan. 26, 37, 444 P.3d 974 (2019) (applying *Toney* and holding that movant's failure

to include claim raised in subsequent K.S.A. 60-1507 motion was successive because movant could have raised it in prior K.S.A. 60-1507 motion and made no showing of exceptional circumstances that prevented raising it therein).

*3. Morgan's motion alleged a trial error that should have been raised on direct appeal.*

Third, Morgan's motion alleged a trial error that should have been raised on direct appeal and, as much as she sought to repackage her argument as a constitutional defect, she makes no showing of exceptional circumstances which provide an explanation for the failure to raise the alleged constitutional deficiency in her prior K.S.A. 60-1507 motion.

A K.S.A. 60-1507 motion cannot be used to replace an appeal or operate as a second appeal of mere trial errors, unless those errors affect constitutional rights and there were exceptional circumstances excusing the failure to appeal them. Kansas Supreme Court Rule 183(c)(3) (2021 Kan. S. Ct. R. 239). Even if Morgan's K.S.A. 60-1507 motion raised a mistrial claim, that claim constitutes a trial error. See *State v. Gleason*, 305 Kan. 794, 797, 388 P.3d 101 (2017) (labeling the "question whether the district court erred by not declaring a mistrial" as a trial error).

Likely recognizing this roadblock, Morgan argues that her claimed trial error is capable of review because the error involves Morgan's constitutional right to counsel. But merely nesting her mistrial argument within a constitutional right to counsel argument, does not make her claim reviewable. Morgan was also required to accompany the argument with a showing of exceptional circumstances which help excuse her earlier failure to appeal the alleged violation of her constitutional rights. See Supreme Court Rule 183(c)(3) (2021 Kan. S. Ct. R. 239) ("Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure

9

to appeal."). Morgan makes no argument about why she neglected to appeal this issue, or even raise it, prior to this juncture. For over a decade, Morgan has been aware of the district court's alleged failure to sua sponte grant a mistrial because of her trial counsel's purported ineffectiveness. Yet she has made no viable showing of what exceptional circumstances prevented her from raising this argument in either her direct appeal or her first K.S.A. 60-1507 motion.

The district court properly found that Morgan's motion was untimely, successive, and improperly raised a trial error. Having found Morgan's motion procedurally flawed in three substantial ways, we need not reach the merits of her motion. The district court's summary denial of the motion was appropriate.

Affirmed.