NOT DESIGNATED FOR PUBLICATION

No. 122,930

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ARTHUR A. POUNCIL JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed August 27, 2021.
Affirmed.


*Kristen B. Patty*, of Wichita, for appellant.


*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before ATCHESON, P.J., HILL and CLINE, JJ.


PER CURIAM: Arthur A. Pouncil Jr. filed a third motion under K.S.A. 60-1507,
which the district court summarily denied as untimely and successive. Since the court
correctly determined Pouncil did not demonstrate manifest injustice (which would extend
his filing deadline) or exceptional circumstances (which would permit assertion of claims
that have or could have been raised previously), we affirm.

FACTS

A jury convicted Pouncil of two counts of rape of a child in 1996. This court affirmed his convictions and sentences. *State v. Pouncil*, No. 76,876, unpublished opinion filed August 14, 1998 (Kan. App.). Pouncil filed his first K.S.A. 60-1507 motion in 1999, raising claims of trial error, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. The district court denied his motion, and this court affirmed the denial. *Pouncil v. State*, No. 83,565, unpublished opinion filed July 14, 2000 (Kan. App.). Pouncil's appellate counsel then filed an untimely petition for review, which the Kansas Supreme Court did not consider because it was out of time.

In 2005, Pouncil petitioned for habeas corpus relief in federal court, asserting trial errors, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel, among other claims. The district court denied his petition, and the Tenth Circuit Court of Appeals dismissed his appeal of that denial. *Pouncil v. Nelson*, No. 04-2259, 2005 WL 375939 (10th Cir. 2005) (unpublished opinion). The following year, Pouncil filed another K.S.A. 60-1507 motion, raising essentially the same claims he raised in his federal petition. The district court denied his motion, and this court affirmed the district court's decision. *Pouncil v. State*, No. 98,276, 2008 WL 2251221 (Kan. App. 2008) (unpublished opinion).

In 2016, Pouncil filed the 60-1507 motion which is before us today. In it, he raised essentially the same claims he raised in his second 1507 motion as well as his federal petition. The district court summarily denied Pouncil's third 1507 motion as untimely and successive. Pouncil argues he was entitled to an evidentiary hearing because he satisfied both statutory exceptions which allow consideration of his motion. We are unpersuaded by Pouncil's arguments.

ANALYSIS

An evidentiary hearing on a K.S.A. 60-1507 motion is not required if the motion, files, and records of the case conclusively show the movant has no right to relief. K.S.A. 2020 Supp. 60-1507(b). The burden is on the movant to allege facts sufficient to warrant a hearing on the motion. *Doolin v. State*, 24 Kan. App. 2d 500, 501, 947 P.2d 454 (1997) (citing *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 [1994]).

When a district court summarily dismisses a K.S.A. 60-1507 motion, like it did here, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish the movant has no right to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Pouncil's motion was untimely*

Pouncil acknowledges his third 60-1507 motion was filed well beyond the one-year time limit for such motions. K.S.A. 2020 Supp. 60-1507(f)(1). Under K.S.A. 2020 Supp. 60-1507(f)(2), this deadline can be extended "only to prevent a manifest injustice." In determining the existence of a manifest injustice, "courts are limited to considering (1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence." *Hayes v. State*, 307 Kan. 9, 14, 404 P.3d 676 (2017); see K.S.A. 2020 Supp. 60-1507(f)(2)(A). "[A]ctual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). If a movant's motion is untimely and the movant does not establish manifest injustice, "the district court must dismiss the motion as untimely filed." K.S.A. 2020 Supp. 60-1507(f)(3).

Pouncil offers no reason for his failure to timely file his third motion. Instead, he simply argues he demonstrated a manifest injustice because the issues he raised in his

3

first 60-1507 motion were barred from any further review due to appellate counsel's failure to timely file a petition for review. The problem with Pouncil's argument is this court has already considered and rejected the very same arguments he now raises for a third time. In *Pouncil*, 2008 WL 2251221, at *4, which addressed Pouncil's second K.S.A. 60-1507 motion, "Pouncil alleged that counsel appointed to represent him in the appeal of his first 60-1507 proceeding was ineffective for failing to file a timely petition for review of this court's decision in *Pouncil v. State*, No. 83,565." There, a panel of this court found that this allegation of ineffective assistance of counsel did not amount to a manifest injustice when—because the one-year time limit was enacted in 2003—Pouncil had nearly four years to bring his claim after the petition for review was denied and failed to do so. Specifically, the court held:

> "Because Pouncil was informed of his counsel's failure to file a timely petition for review in *Pouncil v. State*, No. 83,565, on or near August 25, 2000, he had nearly 4 years in which to file his second 60-1507 motion to claim ineffective assistance of appellate counsel in his first 60-1507 proceeding before the limitations period of K.S.A. 60-1507(f)(1) would operate to bar his clam. Pouncil has failed to provide a reasonable explanation for failing to bring this ineffective assistance of counsel claim before July 1, 2004. Therefore, the claim is barred by operation of K.S.A 60-1507. [Citation omitted.]" 2008 WL 2251221, at *7.

Since a panel of this court has already determined that Pouncil's claim of ineffective assistance of counsel did not demonstrate a reasonable explanation for the untimely filing of his motion, that ruling applies equally here. *Cain v. Jacox*, 302 Kan. 431, 434-35, 354 P.3d 1196 (2015) (doctrine of res judicata will bar successive claim). Once again, Pouncil has failed to explain why he could not raise his claim of ineffective assistance of appellate counsel within one year after the final determination of his first 60-1507 motion. We see no error in the district court's reasoning for dismissing Pouncil's third 1507 motion as untimely.

Pouncil also alleges he presented a claim of factual, not legal, innocence to the district court, which would alternatively justify extending the one-year deadline. However, the only mention Pouncil makes to his actual innocence is that his trial counsel was ineffective for failing to procure an expert witness regarding his erectile dysfunction, to counter the State's medical expert witness. Pouncil does not claim this alleged medical condition constituted "new evidence," nor does he demonstrate it is more likely than not that no reasonable juror would have convicted him in light of this evidence, as required under K.S.A. 2020 Supp. 60-1507(f)(2)(A). Last, Pouncil has already made a claim of ineffective assistance of counsel for failure to provide a defense expert to counter the State's expert, which this court rejected when considering Pouncil's first 60-1507 motion. See *Pouncil*, 2008 WL 2251221. Pouncil has not explained how the argument he now raises is any different or more persuasive than the argument he raised in his first 1507 motion.

Because Pouncil has not provided either a reasonable explanation for filing his motion 12 years late or a colorable claim of actual innocence, he has not met the statutory requirements to extend his filing deadline. The district court properly denied Pouncil's motion as untimely.

*Pouncil's motion was successive*

The district court also denied Pouncil's motion under K.S.A. 60-1507(c), which bars successive motions for similar relief. Under K.S.A. 2020 Supp. 60-1507(c), claims that could have been or were raised in prior 60-1507 motions or successive motions are barred and may be denied. "The rationale for the limitations on the availability of postconviction relief under K.S.A. 60-1507 is the necessity for some degree of finality in the criminal appeal process in order to prevent endless piecemeal litigation in the state and federal courts." *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008). Therefore, "only under rare conditions will a trial court be required to entertain

arguments on a matter that could have been raised on direct appeal or in a previous K.S.A. 60-1507 motion." 39 Kan. App. 2d at 948.

Pouncil claims the district court erred because his appellate counsel's failure to timely file his petition for review, which barred his issues from any further review, was an exceptional circumstance which justifies review of his claim. Exceptional circumstances are "unusual events or intervening changes in the law" that excuse a movant's failure to raise the issue in the direct criminal proceedings or in a prior 60-1507 motion. *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007). Here, this court has already reviewed and rejected the very event which Pouncil claims is an exceptional circumstance, that is, his appellate counsel's failure to timely file a petition for review. See *Pouncil*, 2008 WL 2251221. Further, Pouncil already raised issues of trial error and ineffective assistance of trial counsel in his first 1507 motion. If any of the claims he now raises were not addressed in his first 1507 motion, he offers no reason why they could not have been.

Pouncil either has asserted or could have asserted all the claims he now raises, and he offers no exceptional circumstance which justifies review. The district court properly denied Pouncil's current K.S.A. 60-1507 motion as successive under K.S.A. 60-1507(c).

The district court did not err when it summarily dismissed Pouncil's August 2016 K.S.A. 60-1507 motion, since the motion, files, and records of the case conclusively show he has no right to relief. K.S.A. 2020 Supp. 60-1507(b).

Affirmed.