NOT DESIGNATED FOR PUBLICATION

No. 122,790

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILL A. WIMBLEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed November 24, 2021. Affirmed.

*Will A. Wimbley*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HURST, J., and MCANANY, S.J.

PER CURIAM: Will A. Wimbley—who was convicted of premeditated first-degree murder and criminal possession of a firearm in 1999—appeals from the district court's summary denial of his fourth K.S.A. 60-1507 motion. On appeal, Wimbley contends that the district court erred in concluding that his motion was untimely and successive. However, based on our review of the record on appeal, we find that the district court did not err in summarily dismissing Wimbley's K.S.A. 60-1507 motion as being both untimely and successive. Thus, we affirm the district court.

1

The State charged Wimbley with one count of first-degree murder and one count of criminal possession of a firearm after his ex-girlfriend was found shot to death on February 10, 1999. The victim had been shot seven times at very close range. At trial, Wimbley presented an alibi defense. According to Wimbley's friend, Wimbley could not have murdered the victim because Wimbley spent the entire evening playing video games and spending time at a pool hall. After considering the evidence, a jury convicted Wimbley of both charges and the district court sentenced him to a hard 40 life sentence for the first-degree murder conviction and a consecutive 17-month term of imprisonment for the criminal possession of a firearm conviction.

On direct appeal, Wimbley filed a pro se supplemental brief in addition to the brief filed by his attorney. In particular, Wimbley alleged on appeal that the prosecutor had committed error during closing argument by commenting on his post-*Miranda* silence. *State v. Wimbley*, 271 Kan. 843, 854-55, 26 P.3d 657 (2001). Wimbley also challenged the sufficiency of the evidence to support the essential element of premeditation for first-degree murder. As part of his argument, Wimbley claimed that the Kansas Supreme Court's definition of premeditation had blurred the line between first-degree and second-degree murder and that the prosecutor's closing argument in his case added to the jury's confusion.

Specifically, Wimbley pointed to the following statement in closing argument as error:

> "'Premeditation requires no specific time period. That's what the law is. It doesn't require any. It doesn't say well, you have to think about it for 30 seconds, or five, or five hours or anything else. Premeditation can occur in an instant. It can be a thought. Just like that (indicating). I can decide to kill anybody in this room and that would be premeditation.

That's what the law is. And you swore—you all swore that you would follow the law, and the law says premeditation can happen just like that.'" 271 Kan. at 849-50.

However, in affirming Wimbley's convictions, our Supreme Court rejected these arguments as well as others. 271 Kan. at 855.

In 2002, Wimbley filed his first K.S.A. 60-1507 motion, asserting evidentiary errors, ineffective assistance of trial counsel, and prosecutorial misconduct during closing argument. After holding a nonevidentiary hearing, the district court denied the motion, and a panel of this court affirmed the denial. *Wimbley v. State*, No. 90,025, 2004 WL 1191449 (Kan. App. 2004) (unpublished opinion). A few years later, in 2008, Wimbley filed his second K.S.A. 60-1507 motion in which he again asserted prosecutorial misconduct during closing argument as well as various evidentiary issues. He also claimed ineffective assistance of counsel. Although the district court summarily denied the motion as successive and untimely, a panel of this court reversed and remanded the case to the district court for a new trial. *Wimbley v. State*, No. 101,595, 2010 WL 597008, at *6-7 (Kan. App. 2010) (unpublished opinion).

The Kansas Supreme Court later granted the State's petition for review of the panel's opinion. 290 Kan. 1105 (2010). In its petition for review, the State reasserted its claim that the motion was untimely and successive. In response, Wimbley argued the court should address the merits of his claim because of an intervening change in the law under *States v. Holmes*, 272 Kan. 491, 33 P.3d 856 (2001). Our Supreme Court disagreed with Wimbley and affirmed the district court's summary dismissal of his second K.S.A. 60-1507 motion. *Wimbley v. State*, 292 Kan. 796, 808, 275 P.3d. 35 (2011). Even so, the Kansas Supreme Court remanded the case to this court to address two unresolved issues. 292 Kan. at 812. After addressing the issues, a panel of this court affirmed the district court's denial of the K.S.A. 60-1507 motion. *Wimbley v. State*, No. 101,595, 2013 WL 1688934, at *4 (Kan. App. 2013) (unpublished opinion).

In its opinion, our Supreme Court found that although premeditation was a significant issue in the *Holmes* case, it was not as significant in Wimbley's case:

"In contrast, the victim here sustained seven gunshot wounds to the upper body, fired at close range, providing a strong indicator that whoever killed the victim did so in a deliberate and premeditated manner. Moreover, Wimbley proffered an alibi defense, denying that he had even seen the victim on the day of the shooting. One might ponder why the prosecutor was even arguing the definition of premeditation when the principal question was the identity of the killer and not the mindset of the shooter. Certainly, the case does not present the kind of exceptional circumstances that would permit the appellate court to find ineffective assistance of counsel as a matter of law without a prior determination in the district court." *Wimbley*, 292 Kan. at 808.

In addition, in addressing Wimbley's complaint that his K.S.A. 60-1507 counsel did not raise the issue of prosecutorial misconduct, the court stated:

"Wimbley's claim . . . that his attorneys failed to heed his pleas to make the prosecutorial misconduct claim a part of Wimbley's first 1507 motion is curious, if not disingenuous. As noted, Wimbley filed a pro se supplemental brief in his direct appeal and has consistently displayed an ability to make himself heard by the courts. Moreover, it was Wimbley who prepared, filed, and supplemented the first 1507 motion, *i.e.*, Wimbley controlled the content of the 1507 motion *before* any attorney was appointed to represent him." 292 Kan. at 807.

In 2017, Wimbley filed his third 60-1507 motion. In that motion, he asserted claims of ineffective assistance of trial counsel, ineffective assistance of his first K.S.A. 60-1507 counsel, prosecutorial misconduct, and evidentiary issues. The district court once again denied Wimbley's motion as successive and untimely. A panel of this court affirmed the district court's summary denial of the motion. In doing so, the panel found that Wimbley merely reasserted the allegations from his prior K.S.A. 60-1507 motion and did "nothing to establish that he met the burden of showing manifest injustice or exceptional circumstances that is necessary to overcome the untimely and successive

4

nature of his motion." *Wimbley v. State*, No. 118,336, 2018 WL 3946273, at *2 (Kan. App. 2018) (unpublished opinion).

Finally, on July 3, 2019, Wimbley filed his fourth K.S.A. 60-1507 motion—which is the subject of this appeal. A review of his latest motion reveals that it is substantially similar to Wimbley's previous motions. In support of the motion, Wimbley attaches a letter that he wrote to his K.S.A. 60-1507 counsel, Michael Brown, asking him to amend his pleadings to include the issue of prosecutorial misconduct.

In summarily dismissing Wimbley's fourth K.S.A. 60-1507 motion as untimely and successive, the district court issued a six-page journal entry in which it concluded:

> "The instant K.S.A. 60-1507 motion is untimely by a decade and half. Beyond the conclusory statement that 'no reasonable jury would have convicted him for "premeditated" murder' had his trial counsel objected to the prosecutor's improper statements in closing argument, [Wimbley] makes no colorable claim of actual innocence. Further, [Wimbley] has no credible explanation for his failure to timely raise the issue presented in the instant motion. As noted by our Supreme Court, [Wimbley] was the one who determined what issues to raise in the first K.S.A. 60-1507 motion before any attorney had been appointed to represent him . . . . The fact that [Wimbley] relied upon the advice of inmates engaged in the unauthorized practice of law is not a sufficient excuse for failing to raise the issues presented in the instant motion in a timely fashion. Again, as noted by our Supreme Court, the issues raised in [Wimbley's] direct appeal demonstrate that [Wimbley] was cognizant of the prosecutor's incorrect statement of the law, and he understood the concept that reversible error could be predicated upon a prosecutor's improper closing argument before he filed his first K.S.A. 60-1507 motion. . . . There was nothing preventing [Wimbley] from raising this issue in his first K.S.A. 60-1507 motion."

The district court found that Wimbley had failed to establish exceptional circumstances. The district court noted that there were no intervening changes in the law that prevented Wimbley from raising the issue in his first K.S.A. 60-1507 motion. The

5

district court also found that Wimbley's reliance on his fellow inmates to prepare his pleadings is not unusual and that his decision to rely on those who are untrained in the law is not sufficient to establish exceptional circumstances to justify the filing of successive motions. The district court explained that to rule otherwise "would encourage endless piecemeal litigation of the sort that K.S.A. 60-1507(c) was intended to prevent."

ANALYSIS

On appeal, Wimbley contends that the district court erred in summarily denying his fourth K.S.A. 60-1507 motion. Because the district court summarily denied relief on Wimbley's motion, our review is de novo. Consequently, our task is to determine whether the motion, files, and records of the case conclusively establish that Wimbley is not entitled to relief. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

A review of the record reveals that Wimbley filed his fourth K.S.A. 60-1507 motion more than 15 years after the statutory deadline. See K.S.A. 60-1507(f). As a general rule, courts are to dismiss a K.S.A. 60-1507 motion if it is not timely filed. Even so, a court may extend the deadline for bringing a motion "to prevent a manifest injustice." K.S.A. 60-1507(f)(2).

K.S.A. 2020 Supp. 60-1507(f)(2)(A) defines the scope of our review:

"For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence."

6

Here, Wimbley does not explain why he failed to file his K.S.A. 60-1507 motion earlier. Obviously, based on the three prior K.S.A. 60-1507 motions that he has filed, Wimbley was aware of how to file such a motion. In each of his K.S.A. 60-1507 motions, he has repeatedly asserted the same—or substantially similar—claims regarding his trial counsel, his appellate counsel, and his K.S.A. 1507 counsel. Furthermore, Wimbley makes no claim of actual innocence in his K.S.A. 60-1507 motion. Accordingly, we find that Wimbley's motion was untimely and that he has failed to establish manifest injustice to justify the belated filing of his most recent motion.

Moreover, under K.S.A. 60-1507(c), a court need not entertain successive motions seeking similar relief on behalf of the same person. Because a movant is presumed to have listed all grounds for relief the initial K.S.A. 60-1507 motion, "exceptional circumstances" must be shown to justify the filing of successive motions. *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019); see *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013). Exceptional circumstances include "unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding." *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011).

The purpose of the exceptional circumstances' requirement is to allow movants to explain why they did not raise an issue during their prior motion or motions. See *Trotter*, 296 Kan. 898, Syl. ¶ 2. Here, Wimbley does not offer such an explanation. He also does not point to any changes in the law or unusual circumstances that might validate his filing of successive motions. To the contrary, in his motion, Wimbley primarily repeats the arguments that he made in his direct appeal as well as in his three previous K.S.A. 60-1507 motions. Likewise, Wimbley fails to point us to any unusual events or intervening changes in the law.

7

In particular, Wimbley continues to focus on alleged prosecutorial error related to the definition of premeditation. Not only has this issue been previously raised and decided, but the Kansas Supreme Court has found that the issue regarding the definition of premeditation was not significant in Wimbley's trial because he relied on an alibi defense at trial. Further, our Supreme Court observed that "the victim here sustained seven gunshot wounds to the upper body, fired at close range, providing a strong indicator that whoever killed the victim did so in a deliberate and premeditated manner." *Wimbley*, 292 Kan. at 808. As a result, the primary issue before the jury was the identity of the shooter and not premeditation.

Under these circumstances, we do not find exceptional circumstances are present that would justify reaching the merits of Wimbley's fourth K.S.A. 60-1507 motion. As the district court appropriately pointed out, there is a need for finality in the criminal appeal process. See *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008). Our review of the record confirms that Wimbley's fourth K.S.A. 60-1507 motion is both untimely and successive. We, therefore, conclude that the district court did not err in summarily denying Wimbley's fourth K.S.A. 60-1507 motion.

Affirmed.