NOT DESIGNATED FOR PUBLICATION

No. 127,155

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEREK DeWAYNE BRICE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON JR, judge. Submitted without oral argument. Opinion filed November 8, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: After Derek DeWayne Brice filed a second K.S.A. 60-1507 motion, the district court summarily denied it as untimely, successive, and grounded in issues that should have been raised in his direct appeal. Unless a defendant demonstrates they meet the exceptions required to overcome the procedural bars which foreclose consideration of a motion burdened by those shortcomings, a district court is not required to entertain the motion. Brice failed to establish that manifest injustice excused his filing delay and similarly neglected to prove that exceptional circumstances justified consideration of his successive motion. Accordingly, we affirm the district court's denial of Brice's second 60-1507 motion.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, a jury convicted Brice of two counts of attempted first-degree murder and one count of aggravated assault. He pursued a direct appeal and a panel of this court affirmed his convictions and sentence. *State v. Brice*, No. 100,513, 2009 WL 2501082 (Kan. App. 2009) (unpublished opinion). Brice then filed a timely K.S.A. 60-1507 motion, which the district court denied, and that decision was affirmed by a panel of this court. *Brice v. State*, No. 124,234, 2022 WL 2904056 (Kan. App. 2022) (unpublished opinion).

Brice filed a second K.S.A. 60-1507 motion in August 2023, alleging that the State's complaint under which he was prosecuted was defective and fatally flawed due to the absence of some of the elements for the charged offenses. He also argued that the State failed to prove he committed an overt act as required to establish the attempt element of his offenses because it neglected to establish that he possessed a handgun and that law enforcement officers never conducted a gun powder residue test to show that he recently fired a weapon. Finally, Brice asserted that eyewitness testimony does not provide reliable evidence upon which criminal convictions can be based.

The district court dismissed Brice's motion as untimely and successive and noted that the issues he attempted to raise should have been included in his direct appeal. In support of its conclusion regarding the procedural bars, the district court highlighted Brice's failure to establish manifest injustice or identify any unusual circumstances or intervening changes in the law as required to warrant consideration of a second K.S.A. 60-1507 motion that he was delayed in filing.

Brice now brings his case before this court and requests that we analyze whether the district court erred when it summarily denied his motion.

LEGAL ANALYSIS

*The district court properly dismissed Brice's second K.S.A. 60-1507 motion.*

*Standard of Review*

When reviewing a trial court's summary dismissal of a K.S.A. 60-1507 motion, this court conducts a de novo review of the motion, files, and records of the case to determine whether they conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Discussion*

On appeal, Brice alleges that he is entitled to an evidentiary hearing for his K.S.A. 60-1507 motion and that dismissal was not appropriate because he established both manifest injustice to excuse his delayed filing and exceptional circumstances to warrant consideration of his successive motion.

The State counters that Brice failed to overcome the procedural barriers which foreclosed the district court's consideration of his motion. The State also maintains that even if the motion was not procedurally barred, it still fails on its merits. It contends that the complaint relied upon for Brice's trial was "clearly sufficient" and reiterates the district court's finding that Brice's claims should have been raised on direct appeal.

As noted above, the district court dismissed Brice's motion as untimely, successive, and presented claims that a litigant must raise as part of their direct appeal. With respect to the timeliness matter, Kansas law requires a person to bring a motion under K.S.A. 60-1507 within one year of the final appellate mandate in his or her direct

3

appeal. See K.S.A. 2023 Supp. 60-1507(f)(1); Supreme Court Rule 183(c)(4) (2024 Kan. S. Ct. R. at 241). The Clerk of the Appellate Court issued a mandate following Brice's direct appeal on September 10, 2010. A court must dismiss a motion as untimely if, "upon its own inspection of the motions, files and records of the case, [it] determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice." K.S.A. 2023 Supp. 60-1507(f)(3). The rationale for such a limitation is to maintain finality in the criminal appeals process. *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008).

### A. *Brice did not demonstrate manifest injustice to excuse the delay in filing his second K.S.A. 60-1507 motion.*

To overcome the statute of limitations under K.S.A. 60-1507(f)(2), a movant has the burden to show, by a preponderance of the evidence, that consideration of the untimely motion is necessary to prevent manifest injustice. Manifest injustice has been described as "'obviously unfair'" or "'shocking to the conscience'" and requires consideration of the actual reason for the delay or whether the movant makes a colorable claim of actual innocence. *Noyce v. State*, 310 Kan. 394, 399, 447 P.3d 355 (2019); see K.S.A. 2023 Supp. 60-1507(f)(2)(A). If the movant fails to demonstrate manifest injustice under either of these definitions, Kansas law requires dismissal of the motion. K.S.A. 2023 Supp. 60-1507(f)(3).

The first flaw we detect in this case is that at no time has Brice ever articulated an explanation for his filing delay. Rather, he attempts to overcome this deficiency by arguing that he was prosecuted under a defective complaint which constitutes a structural error that enables him to clear any procedural hurdles. But similar claims have twice been rejected by this court. See *State v. Robinson*, No. 126,058, 2023 WL 8520786, at *4 (Kan. App. 2023) (unpublished opinion); *Gholston v. State*, No. 116,114, 2017 WL 4558230, at *3-8 (Kan. App. 2017) (unpublished opinion), *abrogated on other grounds*

4

*by White v. State*, 308 Kan. 491, 421 P.3d 718 (2018). Accordingly, Brice has failed to establish that the first manifest injustice component provides him an avenue of relief.

Our analysis of the second pathway—actual innocence—yields a similar result. To successfully claim applicability of this exception, Brice has the burden to show it is more likely than not that no reasonable juror would convict him in light of new evidence that was neither argued nor known to him at the time of his trial. *Beauclair*, 308 Kan. at 299. This is an exceptionally high standard to meet and cannot be satisfied by virtue of his word alone. 308 Kan. at 302. That is, Brice is required to provide either an evidentiary basis in support of his claim, or such evidence must appear in the record. 308 Kan. at 302.

Brice contends he successfully advanced a claim of actual innocence in his motion because he argued there was not sufficient evidence elicited at trial to prove he was in possession of the handgun and that eyewitness testimony used to convict him was unreliable. The facts Brice highlights essentially reiterate those presented during his trial—that he did not possess a gun, none was collected from him by law enforcement authorities, and his hands were not tested for gun powder residue. That is to say, the absence of a gun and the lack of scientific evidence linking Brice to the shooting was contemplated by the jury, in conjunction with Brice's alibi, in accordance with an instruction that it must weigh the credibility of the evidence presented. Yet, the jury nevertheless concluded the evidence demonstrated that Brice was guilty beyond a reasonable doubt of each of the charged offenses. Accordingly, there is nothing contained within Brice's motion which meets the very high standard required to establish a claim of actual innocence.

To avoid dismissal of his motion as untimely, Brice had the burden to establish, by a preponderance of the evidence, that manifest injustice provided an excuse for his delay.

The district court found that he failed to sustain that burden, and after careful review, we do not identify any error in that conclusion.

> *B. Exceptional circumstances did not justify consideration of Brice's second K.S.A. 60-1507 motion.*

Under K.S.A. 2023 Supp. 60-1507(c), a district court is not required to entertain a second or successive motion for relief unless the alleged errors affect constitutional rights and exceptional circumstances justify consideration of the claims. *State v. Brown*, 318 Kan. 446, 448, 543 P.3d 1149 (2024). Exceptional circumstances are those "'unusual events or intervening changes in the law'" which prevented a movant from including the issue in their prior K.S.A. 60-1507 motion. 318 Kan. at 448. Even so, the motion cannot raise an issue that should have been raised on direct appeal. 318 Kan. at 449.

The Kansas Supreme Court has suggested that a colorable claim of actual innocence may give rise to an exceptional circumstance in very rare cases. *Beauclair*, 308 Kan. at 304. Specifically, as "'an unusual event . . . that prevented the defendant [from] raising the issue' previously." 308 Kan. at 304. In so doing, the Supreme Court identified two types of actual innocence claims. The first is that of a substantive actual innocence claim where a movant claims they are innocent despite a fair and error free trial ending in a conviction. The other, a procedural innocence claim, involves constitutional errors which deprive the jury of critical evidence that establishes a movant's innocence. 308 Kan. at 298-300. To be credible, the movant must "'support his allegations . . . with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" 308 Kan. at 299.

As noted above, Brice failed to successfully establish a claim of actual innocence. Again, he merely endeavors to cast doubt on the integrity of the evidence presented at his trial. Attempting to undermine the veracity of the trial evidence already introduced

without providing truly new information is best described as a challenge to the sufficiency of the evidence, not the foundation for an actual innocence claim. Accordingly, Brice's argument is unavailing. The district court properly concluded that Brice failed to establish exceptional circumstances which justified consideration of his successive K.S.A. 60-1507 motion.

Given our conclusion that Brice's motion was plagued by procedural deficiencies, it is not necessary to delve into an analysis of the merits for his substantive claims.

Summary denial of a K.S.A. 60-1507 is appropriate when it has been filed outside the one-year statute of limitations or constitutes a successive filing. A movant can nevertheless obtain review of such motions if they establish that manifest injustice and exceptional circumstances excuse those procedural deficiencies. Following a thorough and careful review of Brice's case, we share the district court's conclusion that Brice failed to satisfy those exceptions as required to secure review of his untimely and successive K.S.A. 60-1507 motion. Accordingly, we uphold the district court's summary denial of the same.

Affirmed.