NOT DESIGNATED FOR PUBLICATION

No. 123,237

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PATRICK ANGELO JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed February 25, 2022. Affirmed.

*Reid T. Nelson*, of Kansas Capital and Conflicts Appeals Office, for appellant.

*Kayla Roehler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Patrick Angelo Jr. appeals the district court's summary denial of his third K.S.A. 60-1507 motion, claiming the district court erred in denying his motion because he made a showing of both exceptional circumstances and manifest injustice allowing the district court to consider his successive and untimely motion. Contrary to Angelo's assertions, we find he has failed to establish either. Accordingly, the district court was correct to deny his 60-1507 motion as both successive and untimely. We affirm.

1

In November 2005, Angelo was convicted by a jury of two counts of first-degree murder. On direct appeal to our Supreme Court, Angelo raised issues concerning Kansas' speedy trial statute; his challenge under *Batson v. Kentucky*, 476 U.S. 79, 106 S. C. 1712, 90 L. Ed. 2d 69 (1986); the failure to instruct on a lesser included offense; the admittance of Angelo's prior conviction into evidence; the district court's denial of Angelo's motion for a mistrial; the use of a recorded statement of a witness; and cumulative error. Our Supreme Court affirmed Angelo's convictions in December 2008. *State v. Angelo*, 287 Kan. 262, 265, 197 P.3d 337 (2008).

Following his direct appeal, Angelo timely filed his first K.S.A. 60-1507 motion in September 2009. Angelo's motion raised numerous claims of trial error, ineffectiveness of counsel, and an illegal sentence claim. Of relevance to this appeal, Angelo specifically argued his appellate counsel was ineffective for failing to raise the issue of juror misconduct in Angelo's direct appeal. He also alleged he was entitled to a new trial based upon the recanted testimony of a witness who apparently claimed in an unsigned affidavit that Angelo had not struck him, contrary to the witness' testimony at trial. The district court held an evidentiary hearing and ultimately denied Angelo's motion for failing to state a claim for which relief could be granted.

On appeal, a panel of our court agreed that Angelo's sentence for second-degree murder was ambiguous and remanded for resentencing. *Angelo v. State*, No. 109,660, 2014 WL 1096834, at *4-5 (Kan. App. 2014) (unpublished opinion). However, the panel denied relief on Angelo's remaining allegations, concluding he had not met his burden of proof. In particular, the panel found that Angelo had not presented any evidence concerning his claim that his appellate counsel had been ineffective for not raising the issue of juror misconduct. 2014 WL 1096834, at *8. It also rejected Angelo's claim regarding his entitlement to a new trial based upon alleged recanted testimony, in part

concluding that there was no evidence the witness would recant his testimony as the affidavit was unsigned and the witness was never called to testify at the 60-1507 evidentiary hearing. 2014 WL 1096834, at *9.

On remand, the district court resentenced Angelo. He then appealed his sentence, which was affirmed by the Kansas Supreme Court. *State v. Angelo*, 306 Kan. 232, 236, 392 P.3d 556 (2017).

Angelo then filed his second 60-1507 motion and once again argued, among other things, ineffective assistance of trial and appellate counsel. The district court denied Angelo's claims on res judicata grounds, holding that movants are presumed to have listed all claims of error in their initial 60-1507 motion. Angelo appealed this ruling, and on September 12, 2019, our court summarily affirmed pursuant to Supreme Court Rule 7.041 (2022 Kan. S. Ct. R. at 48).

Three months later, Angelo filed his present 60-1507 motion—his third. The sole issue raised in this motion was Angelo's allegation that his appellate counsel had been ineffective for failing to raise the issue of juror misconduct in his direct appeal. Angelo conceded the motion "may be time barred" but argued exceptional circumstances permitted review of the motion. Relying on the register of actions (ROA) by the district court contained in the record, Angelo argued the periods of inactivity reflected in the ROA established an exceptional circumstance. He also argued the district court should hold an evidentiary hearing on the motion because relief on his claim of juror misconduct would prevent manifest injustice.

Upon reviewing "the motion, the underlying criminal action, the files relating to all post-conviction matters and the records of each case relation to Angelo," the district court concluded Angelo was not entitled to relief. The district court's order reiterated Angelo's six posttrial motions and summarized the issues raised in each 60-1507 motion.

The district court found Angelo's third motion was successive and Angelo had failed to argue an exceptional circumstance that would justify consideration of a successive motion. The district court also found Angelo's motion to be untimely and determined he had failed to establish manifest injustice or actual innocence justifying review of his untimely claim.

Angelo appeals.

## DID THE DISTRICT COURT ERR IN SUMMARILY DENYING ANGELO'S K.S.A. 60-1507 MOTION?

To be entitled to relief under K.S.A. 2020 Supp. 60-1507, the movant must establish by a preponderance of the evidence "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." K.S.A. 2020 Supp. 60-1507(b); Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 242).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. When the district court summarily denies a 60-1507 motion, our review is de novo to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

1.     *Angelo's motion is successive.*

A district court may refuse to hear a 60-1507 motion if it is "a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2020 Supp. 60-1507(c). "[T]he prohibition against successive motions under K.S.A. 60-1507(c) bars not only claims actually raised in prior motions but also those claims that could have been raised . . . . See *Dunlap v. State*, 221 Kan. 268, 269-70, 559 P.2d 788 (1977)." *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008). When a 60-1507 movant sets forth grounds for relief, the movant is presumed to have listed all grounds relied upon, and a second 60-1507 motion alleging additional grounds for relief may be denied as successive and an abuse of remedy. 39 Kan. App. 2d at 948.

To avoid dismissal of a second or successive K.S.A. 60-1507 motion, the movant must show that exceptional circumstances exist. To make this showing, the movant must point to "'unusual events or intervening changes in the law that prevented [him or her from] raising the issue in a preceding [K.S.A.] 60-1507 motion.'" *Thuko*, 310 Kan. at 84. A court considering a successive 60-1507 motion should determine whether the movant "presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

Angelo admits his 60-1507 motion is successive. Nevertheless, he argues the district court should have granted him an evidentiary hearing because exceptional circumstances excuse his successive filing.

In his motion, while Angelo used the phrase "exceptional circumstances" to justify the district court's consideration of his successive motion, his argument only focused on the periods of inactivity within the ROA to support his claim. Before us, he argues his claim was "not previously considered or decided by the Court of Appeals." Angelo also

5

makes the conclusory argument that his juror misconduct claim "qualifies as an unusual event."

Unfortunately, the record on appeal does not contain any of the documents related to Angelo's prior 60-1507 motions. None of the prior motions, hearing transcripts, and appellate briefs are in the record on appeal. The district court's journal entry concerning Angelo's present motion verifies Angelo's concession that he raised his juror misconduct claim in his 2009 motion and indicates he may have raised the same claim in his second 60-1507 filing as well. These omissions from the record on appeal are consequential because most of Angelo's motion rests on his contention that the district court did not make proper findings of fact or conclusions of law when denying his 2009 motion. Angelo contends the district court's failure to make proper findings resulted in the waiver of his claim on appeal. We disagree.

The 2009 panel noted that "at the evidentiary hearing, Angelo neither provided testimony from his appellate counsel nor put on other evidence to support his claim of ineffective assistance of appellant counsel." *Angelo*, 2014 WL 1096834, at *8. Ultimately, the panel did not reach the merits of the claim because "[t]he district court did not mention this claim in its journal entry, and there are no findings of fact or conclusions of law for this court to review." 2014 WL 1096834, at *8. The panel concluded by holding Angelo waived his claim for ineffective assistance of appellate counsel because he failed to present any evidence to support the claim to the district court. 2014 WL 1096834, at *8.

Angelo now argues the district court's findings from 2009 were inadequate and the 2009 panel "should have remanded [the case] to the district court for a clear fact finding and conclusions of law to be reviewed." But, if Angelo wanted to challenge the district court's findings as being inadequate, then he should have made that challenge in his 2009 appeal.

Another panel of our court recently refused to consider a successive 60-1507 motion under similar facts. In *Crawford v. State*, No. 121,553, 2021 WL 744523 (Kan. App.) (unpublished opinion), *rev. denied* 314 Kan. ____ (September 30, 2021), the panel was asked to review the summary dismissal of Crawford's third 60-1507 motion. Citing the law of the case doctrine, the panel denied consideration of the claims because Crawford asserted the same claims in prior appeals or prior posttrial motions. 2021 WL 744523, at *3; see *State v. Parry*, 305 Kan. 1189, 1194-95, 390 P.3d 879 (2017) ("Courts adhere to the law of the case "'to avoid indefinite relitigation of the same issue . . . and to assure the obedience of lower courts to the decisions of appellate courts.'" [Citations omitted.]"). Of relevance here, the panel explicitly refused to consider claims alleged in Crawford's prior 60-1507 motions. In reaching this conclusion, the panel quoted the opinion from Crawford's appeal of his second 60-1507 motion, wherein the panel concluded "'that the ends of justice do not require that he be allowed a successive K.S.A. 60-1507 motion to raise similar claims to the ones he has already pursued.' *Crawford*, 2009 WL 500952, at *1." 2021 WL 744523, at *3.

Additionally, even if we were in a position to review Angelo's 2009 60-1507 motion, Angelo has failed to supply us with a record to do so. As the party claiming error, Angelo has the burden of designating a record that affirmatively shows prejudicial error. See *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018). Without such a record, we presume the action of the district court was proper. *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017).

Other panels of this court have found similar omissions from the record fatal to any appellate review. See *Bloom v. State*, No. 120,739, 2020 WL 1074704, at *3 (Kan. App.) (unpublished opinion) ("The claims advanced by Bloom in his second motion are predicated on events, statements, pleadings, briefs, and hearings that occurred in his first K.S.A. 60-1507 proceeding. Without a complete record on appeal, our court is unable to evaluate the propriety of the district court's summary dismissal of the second motion."),

*rev. denied* 312 Kan. 890 (2020). Like *Bloom*, Angelo's claim is predicated on events, pleadings, briefs, and hearings that were the basis of his 2009 60-1507 motion. Without a record detailing the 2009 motion, it is impossible for us to evaluate the propriety of his alleged exceptional circumstance that would justify consideration of the successive motion.

As Angelo fails to point to any change in the law or advance any argument explaining why he did not raise errors from the consideration of his 2009 motion in his second 60-1507 motion, we are unpersuaded that any exceptional circumstances exist to justify consideration of his third 60-1507 motion. Finally, even if we were somehow disposed to consider the merits of Angelo's motion, Angelo fails to designate a record that would allow us to do so. The district court did not err in finding Angelo's motion successive and Angelo failed to establish an exceptional circumstance that would justify reviewing the motion.

2.     *Angelo's motion is also untimely.*

A movant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507. K.S.A. 2020 Supp. 60-1507(f)(1). The one-year time limitation may be extended by the district court "only to prevent a manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). A movant who files a 60-1507 motion outside the one-year time limitation and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Manifest injustice can be established by either explaining the reasons for the delay or by asserting a colorable claim of actual innocence. K.S.A. 2020 Supp. 60-1507(f)(2)(A). The explanation must provide "'persuasive reasons or circumstances'" reflecting why the motion was not timely filed. *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). The actual innocence exception is a narrow one, and a movant may only

8

satisfy it in "'extraordinary'" cases. *Beauclair v. State*, 308 Kan. 284, 302, 419 P.3d 1180 (2018) (citing *Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 [1995]). A colorable claim of actual innocence requires a showing that, based on new evidence, "it is more likely than not that no reasonable juror would have convicted" the movant. K.S.A. 2020 Supp. 60-1507(f)(2)(A). Absent manifest injustice, a court must dismiss the motion as untimely. K.S.A. 2020 Supp. 60-1507(f)(3).

It is undisputed that Angelo's current 60-1507 motion is untimely. Nevertheless, Angelo argues we should consider his claim to prevent manifest injustice on the grounds that the district court did not make adequate findings that would permit our review. However, we previously have plowed this ground without benefit to Angelo.

As we have noted, the 2009 panel refused to consider Angelo's claim of ineffective assistance of counsel on appeal because Angelo did not present evidence to support the claim at the evidentiary hearing. *Angelo*, 2014 WL 1096834, at *8. Angelo now says this erroneous ruling was the result of the district court's inadequate findings, but Angelo has not designated a record that affirmatively shows prejudicial error because he did not include any of the documents from his 2009 60-1507 motion. Without such a record, we presume the district court's action was proper. *Simmons*, 307 Kan. at 43.

Angelo's only remaining argument supporting manifest injustice is his claim of actual innocence. However, like his arguments for exceptional circumstances, Angelo's motion merely utters the phrase "actual innocence" without attempting to make a showing of actual innocence. This alone is not good enough. Perhaps recognizing this, Angelo expands on his actual innocence argument on appeal, arguing an affidavit submitted by a trial witness "is new evidence raising and supporting a colorable claim of innocence."

9

Although Angelo attached the purported affidavit to his motion, the actual innocence argument he makes on appeal was not raised at the district court. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Because Angelo did not make a claim of actual innocence to the district court, the district court was not given an opportunity to review the old evidence and determine the likely effect of the trial witness' affidavit on a jury. In this respect, Angelo did not preserve this issue for appellate review. See 298 Kan. at 971.

But even if he had, Angelo's argument neither shows the evidence was new nor that the evidence establishes prejudicial error. When presented with new evidence justifying a new trial, a district court must review the old evidence, including the credibility of trial witnesses, to determine the likely effect of the new evidence on a jury. See *Beauclair*, 308 Kan. at 300-01 (quoting *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 [2006]). Angelo claims the affidavit is new, but that claim is not supported by the record. In the affidavit, the trial witness apparently recants his testimony that Angelo struck him in the head with the butt of a pistol. But the content of the affidavit appears to be the subject of an issue the 2009 panel addressed from Angelo's first 60-1507 motion. The opinion indicated the trial witness had not signed the affidavit and did not testify at the 60-1507 evidentiary hearing. *Angelo*, 2014 WL 1096834, at *8. Even assuming the trial witness recanted this testimony, the panel concluded the recanted testimony "would not have been material to the outcome." 2014 WL 1096834, at *9.

Angelo acknowledges this court has "considered this affidavit previously" but contends the panel did not "comment on whether the retracted evidence had unfairly influenced the jury by demonstrating that Angelo had a violent character." But Angelo's argument is misplaced because he made the exact argument to the previous panel, claiming the trial witness' "testimony regarding their altercation was crucial because it demonstrated Angelo was prone to violence and indicated Angelo was in possession of a gun." 2014 WL 1096834, at *9. The panel found Angelo's argument unpersuasive and

10

concluded that the recanted testimony was "not crucial to whether the jury believed Angelo shot the two victims." 2014 WL 1096834, at *9.

Although the previous panel was reviewing the recanted testimony under a motion for new trial, the panel's reasoning is nevertheless appliable here. As the party asserting the claim of error, Angelo has the burden of designating a record that affirmatively establishes prejudicial error. See *Miller*, 308 Kan. at 1157. Angelo's claim of actual innocence within his motion does not meet his burden, and his claim on appeal was not raised at the district court and does not show prejudicial error.

The district court did not err in summarily denying Angelo's untimely and successive 60-1507 motion because Angelo did not meet his burden of establishing entitlement to an evidentiary hearing.

Affirmed.